**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0180, <u>Dexter R. Merritt v. Roderick D. MacAlpine & a.</u>, the court on October 21, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Dexter R. Merritt, appeals an order of the Superior Court (<u>Garfunkel</u>, J.), granting summary judgment in favor of the defendant, Roderick D. MacAlpine, on the plaintiff's claim for damages arising out of the defendant's breach of a settlement agreement. The agreement obligated the defendant to convey a half-acre parcel of land to the plaintiff, and obligated the plaintiff to convey a right-of-way to the defendant. The trial court found that both parties breached the agreement simultaneously by conveying property interests that were then encumbered by mortgages. The plaintiff sought damages for the defendant's breach.

The trial court ruled that, under the "mutual breach" doctrine, <u>see generally</u> 15 R. Lord, <u>Williston on Contracts</u> § 43.31 (4th ed. 2000), because both parties were in simultaneous breach of the identical obligation, the plaintiff could not recover damages caused by the defendant's breach. In so ruling, the trial court rejected the plaintiff's argument that the defendant's refusal, until ordered by the trial court, to provide the plaintiff with a partial discharge of the mortgage encumbering the half-acre lot constituted an anticipatory repudiation that discharged the plaintiff's obligation to perform. The trial court reasoned that, because such conduct occurred only after both parties had already breached the obligation to convey unencumbered title, it constituted a refusal to cure a past breach, and not an anticipatory breach. The trial court likewise rejected the plaintiff's argument that his breach was not material, reasoning that, because the parties breached the identical obligation, whether that obligation was a material one was not relevant under the mutual breach doctrine.

On appeal, the plaintiff does not dispute that the mutual breach doctrine applies under New Hampshire law. Nor does he specifically challenge the trial court's reasoning in rejecting his arguments that the defendant anticipatorily breached the contract, and that only the defendant's breach was material. Accordingly, we assume, without deciding, that the trial court's analysis as to these matters is consistent with New Hampshire law. Instead, the plaintiff

argues that, in granting summary judgment, the trial court failed to consider genuine issues of material fact regarding whether: (1) his failure to perform was excused under the commercial frustration doctrine; (2) his failure to perform was excused under the doctrine of impossibility; and (3) the defendant violated the implied covenant of good faith and fair dealing.  We assume, without deciding, that each of these issues is preserved.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  Gallo v. Traina, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiff's arguments, the relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2